IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAS TANNER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-2209-D-BF |
| ) | |
| FREEMAN HONDA, ET AL., ) | |
|     Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**Parties:**

Plaintiff is proceeding *pro se*, and the Court has granted her leave to proceed *in forma pauperis*. No process has issued pending preliminary judicial screening. Defendants are Freeman Honda, Customer Service Representative Anthony Biddle, Service Technician Jose Chavez, and Charter Oak Fire Insurance Company. Plaintiff seeks money damages.

**Factual background:**

On Mach 22, 2009, Plaintiff was involved in a motor vehicle accident. She claims her brakes failed during this accident. On November 17, 2009, Plaintiff filed this complaint alleging Defendants Freeman Honda, Biddle, and Chavez were negligent in failing to recognize the potential problems in her brake system.

On November 12, 2009, Plaintiff sent a letter to Defendant Charter Oak Fire Insurance Company ("Charter Oak"), the insurer of Freeman Honda, claiming that Freeman Honda was

negligent in repairing her brake system and was therefore liable for her accident. Charter Oak responded on December 14, 2009, stating that their investigation did not find any negligence on the part of Freeman Honda or its employees. On March 8, 2010, Plaintiff added Charter Oak as a Defendant in this case. She sues Charter Oak for failure to settle claims against the insured, procedural bad faith, intentional infliction of emotional distress, unnecessary abuse, and neglect.

**Discussion:**

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Plaintiff has asserted no federal statutory or constitutional basis for this suit. Her claims appear to arise under state law. Federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. In this case, Plaintiff lists her address as Houston, Texas. She also lists a Texas address for Defendants Freeman Honda, Biddle, and Chavez. Plaintiff therefore does not allege the complete diversity of citizenship necessary to proceed under § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise

the jurisdictional issue at any time. *Id.* Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

**RECOMMENDATION:**

The Court recommends that this case be dismissed for lack of subject matter jurisdiction.

Signed this 28th day of October, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).